**Janice MILTON, as Legal Guardian of Robert K. Towles, an adult ward, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 06–16455.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2008.*

Filed March 14, 2008.

Gerald I. Gillock, Esq., Gillock Markley & Killebrew PC, Pat Fitzgibbons, Esq.,

Fitzgibbons & Anderson, Las Vegas, NV, for Plaintiff–Appellant.

Rimantas Rukstele, AUSA, Robert L. Ellman, Esq., Office of the U.S. Attorney Lloyd George Federal, Las Vegas, NV, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Plaintiff/Appellant Janice Milton, as Legal Guardian of Robert K. Towles, appeals the district court's entry of judgment in favor of Defendant/Appellee United States ("the government"). Milton brought suit under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2671, et seq. Milton alleged that the Veteran's Affairs medical staff at the Michael O'Callahan VA Hospital in Las Vegas committed medical malpractice in treating her son, Robert K. Towles, who is now in a persistent vegetative state. Following a bench trial, the district court entered judgment in favor of the government. We review for clear error, *Husain v. Olympic Airways,* 316 F.3d 829, 835 (9th Cir.2002), and affirm.[1]

Suits brought under the FTCA are to be decided "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (1988). As Towles was treated in a VA Hospital in Las Vegas, Nevada, Nevada law applies.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural history 1 of this case, we need not recount it here.

Under Nevada law, " '[m]edical malpractice' means the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." Nev.Rev.Stat. § 41A.009. "To prevail in a medical malpractice action, the plaintiff must establish the following: (1) that the doctor's conduct departed from the accepted standard of medical care or practice; (2) that the doctor's conduct was both the actual and proximate cause of the plaintiff's injury; and (3) that the plaintiff suffered damages." *Prabhu v. Levine*, 112 Nev. 1538, 930 P.2d 103, 107 (1996). The plaintiff must establish all three factors by a preponderance of the evidence. *Perez v. Las Vegas Med. Ctr.*, 107 Nev. 1, 805 P.2d 589, 591 (1991).

The district court held a five day bench trial, in which it heard testimony from 16 witnesses, including 12 physicians, three of which were called as expert witnesses. At the conclusion of the trial, and after reviewing post-trial briefing, the district court found that Milton failed to establish, by a preponderance of the evidence, either that the VA staff's conduct departed from the accepted standard of medical care or practice, or that the conduct was the proximate cause of Towles' injury. The district court did not clearly err in either finding.[2]

AFFIRMED.[3]

---

2. We decline to consider any other issue listed in the Statement of Issues in Milton's opening brief, because they are not supported by any argument. "Issues raised in an opening brief but not supported by argument are considered abandoned." *Rattlesnake Coalition v. United States E.P.A.*, 509 F.3d 1095, 1100 (9th Cir.2007).

3. All pending motions are denied as moot.